UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
NORTHERN DIVISION

CLARK JONES, #196605,

        Plaintiff,                                Case No. 15-cv-13108

v                                                  Honorable Thomas L. Ludington

CORRECTIONS OFFICER LEITER, et al.,

        Defendant.
_____/

**OPINION AND ORDER TRANSFERRING PLAINTIFF'S CIVIL RIGHTS COMPLAINT TO THE WESTERN DISTRICT OF MICHIGAN**

Clark Jones, presently confined at the Muskegon Correctional Facility in Muskegon, Michigan, has filed a civil rights complaint pursuant to 42 U.S.C. § 1983. The complaint claims that defendants, two corrections officers, an inspector, and the Warden–all stationed at the Michigan Reformatory in Ionia County–violated his constitutional rights when they were deliberately indifferent to a threat of physical harm posed to Plaintiff by another inmate who eventually assaulted him. For the reasons stated below, the Court will transfer this matter to the Western District of Michigan for further proceedings.

The defendants named in the complaint reside in Ionia County, where the Michigan Reformatory is located. The events alleged in the complaint also occurred in Ionia County. Ionia County is located in the Western District of Michigan. The proper venue for civil actions is in the judicial district where: (1) any defendant resides if all defendants reside in the same state; (2) a substantial part of the events or omissions giving rise to the claim occurred or a substantial part of the property in question is situated; or (3) any defendant may be found if there is no other

district in which the plaintiff may bring the action. 28 U.S.C. § 1391(b). Public officials "reside" in the county where they serve. *See O'Neill v. Battisti*, 472 F. 2d 789, 791 (6th Cir. 1972).

"For the convenience of parties and witnesses, in the interest of justice, a district court may transfer any civil action to any other district or division where the action might have been brought." *See Weatherford v. Gluch*, 708 F. Supp. 818, 819 (E.D. Mich. 1988) (quoting 28 U.S.C. § 1404(a)). Venue of a lawsuit may be transferred sua sponte for the convenience of parties or witnesses. *See Sadighi v. Daghighfekr*, 36 F. Supp. 2d 267, 278 (D.S.C. 1999).

The Court concludes that both for the convenience of the parties and witnesses, as well as in the interests of justice, the present matter must be transferred to the Western District of Michigan. This Court therefore lacks venue for the § 1983 claim against defendant. *See Mihalek Corp. v. State of Mich.*, 595 F. Supp. 903, 906 (E.D. Mich. 1984).

Accordingly, it is **ORDERED** that the Clerk of the Court **TRANSFER** this case to the United States District Court for the Western District of Michigan pursuant to 28 U.S.C. § 1404(a).

                                                    s/Thomas L. Ludington
                                                    THOMAS L. LUDINGTON
                                                    United States District Judge

Dated: September 8, 2015

---

PROOF OF SERVICE

The undersigned certifies that a copy of the foregoing order was served upon each attorney or party of record herein by electronic means or first class U.S. mail on September 8, 2015.

                      s/Karri Sandusky
                      Karri Sandusky, Acting Case Manager