UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION


CLARK KENT JONES,

      Plaintiff,

v.

UNKNOWN LEITER, *et al.*,

      Defendants.

_____/

CASE No. 1:15-CV-925

HON. ROBERT J. JONKER

## ORDER ADOPTING IN PART AND REJECTING IN PART
## REPORT AND RECOMMENDATION

**Introduction**

The Court has reviewed the Magistrate Judge's Report and Recommendation in this matter (ECF No. 70) and Plaintiff's Objections to the Report and Recommendation. (ECF No. 71). Defendants have not filed a Response to Plaintiff's Objections. The Magistrate recommends granting Defendant Leiter's motion for summary judgment, concluding that Plaintiff failed to properly exhaust his constitutional claim. The Court respectfully disagrees with the Magistrate Judge. Because Plaintiff's grievance was sufficient to give fair notice to prison officials of the alleged misconduct that forms the basis of his Eighth Amendment claim, the Court will deny Defendant Leiter's Motion for Summary Judgment.

**Legal Standard**

Where a party has objected to portions of a Report and Recommendation, "[t]he district judge . . . has a duty to reject the magistrate judge's recommendation unless, on de novo reconsideration,

he or she finds it justified." 12 WRIGHT, MILLER, & MARCUS, FEDERAL PRACTICE AND PROCEDURE § 3070.2, at 381 (2d ed. 1997). Specifically, the Rules provide that:

> [t]he district judge must determine de novo any part of the magistrate judge's disposition that has been properly objected to. The district judge may accept, reject, or modify the recommended disposition; receive further evidence; or return the matter to the magistrate judge with instructions.

FED R. CIV. P. 72(b)(3). De novo review in these circumstances requires at least a review of the evidence before the Magistrate Judge. *Hill v. Duriron Co.*, 656 F.2d 1208, 1215 (6th Cir. 1981).

**Timeliness of Objections**

The above standard only applies, however, if a party timely files Objections. There is at least some question in this case whether Plaintiff's Objections were timely filed. The Magistrate Judge's Report and Recommendation is dated January 19, 2018, but was not mailed until January 22, 2018. Under local rule, Plaintiff had 14 days, or until February 5, 2018, to file his Objections. In addition, under Fed. R. Civ. P. 6(d), Plaintiff had an additional three days, making his Objections due February 8, 2018. Plaintiff's Objections were not filed until February 9, 2018. (ECF No. 71). Prisoner filings are governed by the prisoner mailbox rule. *See Houston v. Lack*, 487 U.S. 286 (1988). Since Plaintiff had to give his papers to prison officials no later than February 8 to get them delivered and filed by February 9, the Court concludes the Objections are timely. Accordingly, the Court has reviewed de novo the claims and evidence presented to the Magistrate Judge; the Report and Recommendation itself; and Plaintiff's Objections.

**Discussion**

*A.      Defendant's Motion for Summary Judgment*

The Magistrate Judge recommends granting Defendant's motion for summary judgment. While the Court agrees with much of the Magistrate's analysis, on de novo review the Court finds Plaintiff properly exhausted an Eighth Amendment claim, and accordingly Defendant's motion for summary judgment will be denied.

Under 42 U.S.C. § 1997e(a), a prisoner bringing an action with respect to prison conditions under 42 U.S.C. § 1983 must exhaust his available administrative remedies. *See Porter v. Nussle*, 534 U.S. 516, 532 (2002); *Booth v. Churner*, 532 U.S. 731, 733 (2001). A prisoner must exhaust available administrative remedies, even if the prisoner may not be able to obtain the specific type of relief he seeks in the state administrative process. *See Porter*, 534 U.S. at 520; *Booth*, 532 U.S. at 741; *Knuckles El v. Toombs*, 215 F.3d 640, 642 (6th Cir. 2000); *Freeman v. Francis*, 196 F.3d 641, 643 (6th Cir. 1999). In order to exhaust administrative remedies, prisoners must complete the administrative review process in accordance with the deadlines and other applicable procedural rules. *Jones v. Bock*, 549 U.S. 199, 217-218 (2007); *Woodford v. Ngo*, 548 U.S. 81, 90-91 (2006). "Compliance with prison grievance procedures, therefore, is all that is required by the PLRA to 'properly exhaust.'" *Jones*, 549 U.S. at 217-218.

In determining whether this plaintiff has properly exhausted his claims, the Court finds particularly instructive the analysis of the Sixth Circuit in *Bell v. Konteh*, 450 F.3d 651 (6th Cir. 2006), *abrogated on other grounds by Jones*, 549 U.S. 199. There the Court explained that:

> "[I]t is not enough simply to follow the grievance procedure; in order to satisfy the administrative exhaustion requirement, the content of the grievances must be adequate, too. First, under our precedent a grievance must identify each defendant eventually sued. *E.g., Curry*

> v. *Scott*, 249 F.3d 493, 504–05 (6th Cir. 2001)." *Spencer v. Bouchard*, 449 F.3d 721, 725 (6th Cir. 2006).

*Bell*, 450 F.3d at 653. The Magistrate concluded Plaintiff adequately identified Defendant Leiter and five other individuals to be the staff members involved in the complained of events. (ECF No. 70, PageID.290). The Court agrees with the Magistrate's analysis on this point.

The next requirement under *Bell* and *Spencer* deals with describing the claimed wrongdoing:

> We therefore proceed to the second requirement regarding the content of grievances: "a prisoner must have alleged mistreatment or misconduct on the part of the defendant" in his grievance. *Burton v. Jones*, 321 F.3d 569, 575 (6th Cir. 2003). This standard is not a particularly strict one:
>
>> In describing the alleged mistreatment or misconduct, . . . we would not require a prisoner's grievance to allege a specific legal theory or facts that correspond to all the required elements of a particular legal theory. Rather, it is sufficient for a court to find that a prisoner's [grievance] gave prison officials fair notice of the alleged mistreatment or misconduct that forms the basis of the constitutional or statutory claim made against a defendant in a prisoner's complaint.
>
> *Id.* This relaxed standard is consistent with the general practice of liberally construing pro se prisoners' filings. *See, e.g., McNeil v. United States*, 508 U.S. 106, 113, 113 S. Ct. 1980, 124 L.Ed.2d 21 (1993); *Boswell v. Mayer*, 169 F.3d 384, 387 (6th Cir. 1999).

*Spencer v. Bouchard*, 449 F.3d 721, 725-26 (6th Cir. 2006) *abrogated on other grounds by Jones*, 549 U.S. 199. "In applying this standard, a grievance must be measured against the claim brought in the prisoner's subsequent suit" which, in the instant case, is that Defendant Leiter failed to protect Plaintiff from other prisoners, in violation of the Eighth Amendment. *Bell*, 450 F.3d at 654.

4

In the Court's view, Plaintiff's grievance put the Defendants on fair notice of the claim he is now bringing. To be sure, the alleged failure of prison officials to conduct themselves in conformity with prison policy is central to the grievance, but the concern of Plaintiff in the grievance was nonetheless clear: Plaintiff avers his assault was made possible by the inadequate supervision of prison officials, including Defendant Leiter. That's an Eighth Amendment concern, even if Plaintiff did not label it as such. Then, after prison officials looked into the grievance and concluded otherwise, Plaintiff appealed through Step III. (ECF No. 31-3). The events discussed in the grievance plainly are the same as those discussed in the Second Amended Complaint. Plaintiff's Eighth Amendment claim may ultimately be without merit (and the Court is making no ruling on that point at this time one way or the other), but Plaintiff's grievance was enough to properly exhaust an Eighth Amendment claim. Accordingly, Defendant Leiter's motion for summary judgment on the basis of exhaustion (ECF No. 30) will be DENIED.

### B. *Remaining Motions*

The Magistrate Judge also recommends denying Plaintiff's motions for summary judgment (ECF Nos. 37 and 63) because they are little more than additional responses to Defendant Leiter's motion for summary judgment. The Court agrees, and the motions will be denied.

The remaining motion is on Plaintiff's motion for discovery. (ECF No. 61). In an accompanying declaration Plaintiff avers he seeks limited discovery to rebut the exhaustion issue in Defendant's motion for summary judgment. (ECF No. 62). Because the Court is denying Defendant's motion for summary judgment on this claim, Plaintiff's motion will be dismissed as moot.

## Conclusion

**ACCORDINGLY, IT IS ORDERED** that:

1. The Report and Recommendation of the Magistrate Judge (ECF No. 70) is **ADOPTED IN PART** and **REJECTED IN PART**.

2. Defendant's Motion for Summary Judgment on the Basis of Exhaustion (ECF No. 30) is **DENIED.**

3. Plaintiff's Motions for Summary Judgment (ECF No. 37 and 63) are **DENIED.**

4. Plaintiff's Motion for Order to Permit Discovery (ECF No. 61) is **DISMISSED AS MOOT.**

Dated:     February 27, 2018             /s/ Robert J. Jonker
                                                                ROBERT J. JONKER
                                                                CHIEF UNITED STATES DISTRICT JUDGE