UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

CLARK KENT JONES,

        Plaintiff,

Case No. 1:15-cv-925

Hon. Robert J. Jonker

v.

UNKNOWN LEITER, *et al.*,

        Defendants.

_____/

## REPORT AND RECOMMENDATION

This is a *pro se* civil rights action brought by Clark Kent Jones, a former prisoner of the Michigan Department of Corrections (MDOC), against four MDOC employees. All of plaintiff's claims have been dismissed except those against defendant Corrections Officer Phillip Leiter. This matter is now before the Court on "Plaintiff's request to the defendant for request for settlement of suit" (ECF No. 78) and defendant Leiter's "Motion for summary judgment based on Fed. R. Civ. P. 41(b) and W.D. Mich. LCivR 41.1" (ECF No. 80).

    **I.**    **Background**

Jones alleged that on April 23, 2012 at 7:08 p.m., inmate Carter assaulted him in the dining area at Michigan Reformatory. Plaintiff alleged that he sustained injuries to the left side of his head and left eye area which required medical attention. Plaintiff further alleged that the assault would not have occurred had Officer Leiter not left Jones and 35 other prisoners unsupervised in the dining area for fifteen to twenty minutes. *See Jones v. Unknown Leitner*, No. 15-2529 (6th Cir. Sept. 13, 2016) (ECF No. 17, PageID.62-63).

1

Plaintiff was released from prison in 2017 and currently resides in Grand Rapids, Michigan.  *See* Letters (ECF Nos. 67, 68, 84).  After plaintiff's release, the Court entered an amended case management order (ECF No. 76), which set a discovery deadline of August 1, 2018 and a pre-trial motion deadline of August 29, 2018.  Defendant's counsel attempted to obtain discovery from plaintiff, as reflected by letters sent to plaintiff on March 16, 2018, April 9, 2018, May 4, 2018, and May 15, 2018.  *See* ECF No. 81-2, PageID.333-343; ECF No. 81-3, PageID.345).  Specifically, defendants sought access to plaintiff's medical records and dates to schedule his deposition.  *Id*.  There is no evidence that plaintiff responded to the correspondence.  In a letter dated June 29, 2018, defendant's counsel mailed plaintiff a notice of deposition scheduled for July 12, 2018 at 8:30 a.m.  Notice (ECF No. 81-4, PageID.347-352).  Defendant's counsel appeared for the deposition and filed a transcript which reflects that counsel waited about one hour and that plaintiff never showed up.  Dep. Trans. (ECF No. 81-5).  Then, in a letter dated July 24, 2018, counsel asked plaintiff to concur with his motion to have the case dismissed in its entirety if he did not hear from plaintiff by noon on July 31st.  *See* Letter (ECF No. 81-6).

On August 1, 2018, plaintiff filed his "motion for settlement" (ECF No. 78).  In this one-page motion, plaintiff stated that defendant Leiter violated his 8th Amendment rights, that the evidence against Leiter "is overwhelming," that he suffered "pain, physical and emotional injury," "[t]hat it would be a waste of the state's and court's energy, time, and financial resources to bring this suit to trial," and that $5,000.00 be deposited into his account at the Lake Michigan Credit Union to settle the case.  *See* Motion for settlement. Attached to this motion was a letter to defendant's counsel, dated July 29, 2018, in which plaintiff stated that if it will expedite settlement, he is "opened to authorize disclosure of Health records, including taking deposition [sic] after 4:30

p.m. during the week day (or) any time on the week because I'm working first shift hours." Letter (ECF No. 79-1, PageID.322).

On August 6, 2018, defendant moved for summary judgment because plaintiff failed to prosecute this action pursuant to Fed. R. Civ. P. 41(b) and because he failed to keep the Court apprised of his current address in violation of W.D. Mich. LCivR 41.1. *See* Defendant's Motion (ECF No. 80) and Brief (ECF No. 81). In his response, plaintiff contends that he kept the Court apprised of his address and has prosecuted the case. Plaintiff states that the Court should not grant defendant's motion, but order an extension of time for discovery, order plaintiff to appear for deposition at a time and place convenient for both parties, "and/or give the parties an opportunity in the best interest of the court to settle this suit as indicated by plaintiff['s] request to settle this suit which was sent to counsel and filed with this court." Response (ECF No. 82). Plaintiff then filed a second response in which he acknowledged that defendant's motion was premised on his non-participation in defendant's discovery process. Plaintiff's Brief (ECF No. 85). Plaintiff stated that he is under great hardship, i.e., being on parole, different job shifts, and "finding suitable housing that does not interfere with his returning to prison." *Id*.

> **II.    Plaintiff's Motion for settlement**

It appears that plaintiff wants to settle this case for $5,000.00. Plaintiff cites no authority for filing the motion, having failed to file a supporting brief as required by W.D. Mich. LCivR 7.1(a). If plaintiff wants to settle the lawsuit, then he should contact defendant's counsel, not file a motion in the Court. Accordingly, the motion for settlement (ECF No. 78) should be denied.

> **III.    Defendant's motion for summary judgment**
>
> **A.    Legal standard**

"The court shall grant summary judgment if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). Rule 56 further provides that a party asserting that a fact cannot be or is genuinely disputed must support the assertion by:

> (A) citing to particular parts of materials in the record, including depositions, documents, electronically stored information, affidavits or declarations, stipulations (including those made for purposes of the motion only), admissions, interrogatory answers, or other materials; or
>
> (B) showing that the materials cited do not establish the absence or presence of a genuine dispute, or that an adverse party cannot produce admissible evidence to support the fact.

Fed. R. Civ. P. 56(c)(1).

In *Copeland v. Machulis*, 57 F.3d 476 (6th Cir. 1995), the court set forth the parties' burden of proof in a motion for summary judgment:

> The moving party bears the initial burden of establishing an absence of evidence to support the nonmoving party's case. Once the moving party has met its burden of production, the nonmoving party cannot rest on its pleadings, but must present significant probative evidence in support of the complaint to defeat the motion for summary judgment. The mere existence of a scintilla of evidence to support plaintiff's position will be insufficient; there must be evidence on which the jury could reasonably find for the plaintiff.

*Copeland*, 57 F.3d at 478-79 (citations omitted). "In deciding a motion for summary judgment, the court views the factual evidence and draws all reasonable inferences in favor of the nonmoving party." *McLean v. 988011 Ontario Ltd.*, 224 F.3d 797, 800 (6th Cir. 2000).

**B.    Discussion**

Defendant seeks summary judgment against plaintiff. In the alternative, defendant suggests that "[i]f this Court decides not to dismiss this action, at a minimum, the Court should extend the time for discovery (discovery closed August 1, 2018), order Jones to appear for his deposition at a time and place put forth by Leiter's counsel, and set a new deadline for dispositive

motions." Defendant's Brief (ECF No. 81, PageID.329).   As discussed, plaintiff wants to comply with defendant's request for discovery and settle the lawsuit.  *See* Plaintiff's Brief at PageID.375.

Defendant's motion for summary judgment should be denied.  Defendant's brief does nothing more than construct a chronology and seek summary judgment because plaintiff failed to prosecute his claim and failed to keep the Court apprised of his address. Defendant's cryptic brief conflates three different types of relief: involuntary dismissal under Fed. R. Civ. P. 41(b); involuntary dismissal under W.D. Mich. LCivR 41.1; and summary judgment under Fed. R. Civ. P. 56.

Fed. R. Civ. P. 41(b) provides in pertinent part that  "[i]f the plaintiff fails to prosecute or to comply with these rules or a court order, a defendant may move to dismiss the action or any claim against it" and that "[u] nless the dismissal order states otherwise, a dismissal under this subdivision (b) . . . operates as an adjudication on the merits."  While defendant could have moved for an involuntary dismissal under Fed. R. Civ. P. 41(b), he did not;  he chose to file a motion for summary judgment pursuant to Fed. R. Civ. P. 56.

Defendant also claims that he is entitled to summary judgment pursuant to W.D. Mich. LCivR 41.1, which provides as follows:

> A judicial officer may issue an order to show cause why a case should not be dismissed for lack of prosecution or for failure to comply with these rules, the Federal Rules of Civil Procedure, or any court order. If good cause is not shown within the time set in the show cause order, the presiding judge may enter an order of dismissal with or without prejudice, with or without costs. Failure of a plaintiff to keep the court apprised of a current address shall be grounds for dismissal for want of prosecution.

Defendant's reliance on W.D. Mich. LCivR 41.1 is misguided.  This rule creates a method for the Court to regulate its docket by issuing a show cause order to plaintiffs who fail to prosecute their claims.  It does not create a basis for a defendant's motion for summary judgment.

5

Finally, defendant has not set forth any legal or factual basis for granting summary judgment under Fed. R. Civ. P. 56. At most, defendant's motion has drawn the Court's attention to the fact that plaintiff has done nothing with this lawsuit since his release from prison. Accordingly, defendant's motion for summary judgment should be denied.

For his part, plaintiff has not been diligent in keeping the Court apprised of his address change and has exerted no effort to prosecute his case since the issuance of the amended case management order on April 5, 2018. Now, with the threat of dismissal looming on the horizon, plaintiff wants to cooperate with defendant's discovery requests and settle the case. Defendant recognizes the utility of having an extension of time for limited discovery. Under the circumstances of this case, the Court concludes that the best way forward is to give defendant time to conduct limited discovery, to give the parties a time to discuss settlement, and to set a deadline for dispositive motions.

For these reasons, the undersigned recommends that a second amended case management order be entered which allows defendant no more than two months to obtain plaintiff's medical records, to review the records, and to depose plaintiff. In addition, the order should direct defendant to respond to plaintiff's settlement offer, schedule a settlement conference, and set a deadline for filing dispositive motions. Finally, plaintiff should be put on notice if that he fails to execute an authorization as directed by the Court, fails to appear for his deposition, or fails to keep the Court apprised of his mailing address, then any of these failures will serve as the basis to dismiss his case with prejudice for failure to prosecute.

**IV.     Recommendation**

For these reasons, I respectfully recommend that plaintiff's motion for settlement (ECF No 78) be **DENIED**, that defendant Leiter's motion for summary judgment (ECF No. 80) be **DENIED**, and that the Court enter a second amended case management order as outlined herein.

Dated:  February 13, 2019                              /s/ Ray Kent
                                                                      United States Magistrate Judge

ANY OBJECTIONS to this Report and Recommendation must be served and filed with the Clerk of the Court within fourteen (14) days after service of the report.  All objections and responses to objections are governed by W.D. Mich. LCivR 72.3(b).  Failure to serve and file written objections within the specified time waives the right to appeal the District Court's order. *Thomas v. Arn,* 474 U.S. 140 (1985); *United States v. Walters,* 638 F.2d 947 (6th Cir. 1981).