UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

CLARK KENT JONES,

    Plaintiff,

Case No. 1:15-CV-925

Hon. Robert J. Jonker

v.

UNKNOWN LEITER, *et al.*,

    Defendants.
_____/

**REPORT AND RECOMMENDATION**

This is a civil rights action brought by a former prisoner, Clark Kent Jones pursuant to 42 U.S.C. § 1983. The only defendant remaining in this case is Corrections Officer Phillip Leiter. *See* Amended Case Management Order (ECF No. 76). The record reflects that plaintiff Jones passed away on April 10, 2019. *See* Obituary (ECF No. 95-5, PageID.420). This matter is now before the Court on defendant's motion for summary judgment (ECF No. 95). The Court does not anticipate a response to the motion because the deceased plaintiff was proceeding without an attorney.

    **I.**    **Discussion**

Defendant seeks summary judgment on the basis that plaintiff's § 1983 action did not survive his death. The undersigned disagrees.

In *Estate of Sanders*, 362 F. Supp. 3d 462 (W.D. Tenn. 2019), the Court addressed the survival of § 1983 actions in detail. That court summarized the issue as follows:

> Although federal law determines whether a federal claim survives upon the death of a party, claims under § 1983 are silent on the issue of survivorship. Thus, in accordance with 42 U.S.C. § 1988, whether a § 1983 action abates at the death

1

of a party is determined by the law of the forum state, as long as that law is not "inconsistent with the federal policy underlying the cause of action under consideration." *Robertson v. Wegmann*, 436 U.S. 584, 590, 98 S.Ct. 1991, 56 L.Ed.2d 554 (1978) (quoting *Johnson v. Ry. Express Agency, Inc.*, 421 U.S. 454, 465, 95 S.Ct. 1716, 44 L.Ed.2d 295 (1975) ).

*Estate of Sanders*, 362 F. Supp. 3d at 465.

The court also addressed the Sixth Circuit's reasoning and application of the rules with respect to the survival of a §1983 claim set forth in *Crabbs v. Scott*, 880 F.3d 292 (6th Cir. 2018):

> In *Crabbs*, the Court concluded that all § 1983 actions "are best characterized as personal injury actions." 880 F.3d at 295 (citing *Wilson v. Garcia*, 471 U.S. 261, 280, 105 S.Ct. 1938, 85 L.Ed.2d 254 (1985) ). Following the holding of the Seventh Circuit in *Bennett v. Tucker*, 827 F.2d 63 (7th Cir. 1987), the Sixth Circuit grafted the reasoning of the Supreme Court's opinion in *Wilson*—which dealt with the parallel issue of applying state statutes of limitation to § 1983 actions—onto the survivorship question, finding that "it would be 'anomalous' to draw a distinction between survivorship statutes and statutes of limitation." *Id*. (quoting *Bennett*, 827 F.2d at 67-68.) The Court's distillation of *Wilson* generated three premises upon which it relied in its decision. "First, the characterization of § 1983 as a cause of action is itself a question of federal law." *Id*. at 294 (citing *Wilson*, 471 U.S. at 269-70, 105 S.Ct. 1938). "Second, all § 1983 claims must be characterized in the same way." *Id*. (citing *Wilson*, 471 U.S. at 271-75, 105 S.Ct. 1938.) This, the Court reasoned, is because not all § 1983 claims had state law equivalents. *Id*. Thus, a uniform classification would avoid "uncertainty and time-consuming litigation." *Id*. at 295 (citing *Wilson*, 471 U.S. at 272-73, 105 S.Ct. 1938). "Third, § 1983 actions are best characterized as personal injury actions," because "the evils that Congress addressed in the Civil Rights Act of 1871 sounded in tort and are most analogous in the main to tort actions." *Id*. (citing *Wilson*, 471 U.S. at 277, 280, 105 S.Ct. 1938). By adopting this reasoning, the Sixth Circuit impliedly rejected the methodology employed by other courts.

*Estate of Sanders*, 362 F. Supp. 3d at 467.

Based upon this framework, the Sixth Circuit concluded that the decedent Keith Crabbs' §1983 claim survived his death:

> Pulling all of this together, let's review the bidding: §1983 is silent on survivorship. Ohio has a survivorship statute. The Ohio law guides us here. Keith's Fourth Amendment claim is a personal injury action under *Wilson* and *Owens* [*v. Okure*, 488 U.S. 235 (1989)] and thus qualifies as a "cause[ ] of action for . . . injury

>  to the person" under the Ohio statute and survives his death. Nothing about this conclusion interferes with federal law. Because Keith's claim survives his death, the district court may substitute [his mother] Anne in his place under Civil Rule 25(a)(1).

*Crabbs*, 880 F.3d at 295.

Here, plaintiff's Eighth Amendment claim arose from an alleged assault which occurred at a Michigan correctional facility on April 23, 2012.  Plaintiff filed this action in 2015 and passed away in 2019.  The relevant state statute,  M.C.L. § 600.2921 ("Survival of actions; death of injured person during pendency of action"), provides in pertinent part that "All actions and claims survive death."  *See Marsh v. Buckeye Steamship Co.*, 330 F. Supp. 972, 975 (N.D. Ohio 1971) (in determining applicable law in maritime case, the court held that M.C.L. §600.2921 "authorize[s] the survival of personal injury actions beyond death"); *Hardy v. Maxheimer*, 429 Mich. 422, 438, 416 N.W.2d 299 (1987) ("The language of §2921 is sweeping and unambiguous. 'All actions and claims survive death.' This provision has been found to be universally applicable to all actions and claims which arise under the Revised Judicature Act.") (footnote omitted).  Based on the Sixth Circuit's reasoning in *Crabbs*, application of Michigan's survival statute is not inconsistent with federal policy.  Accordingly, plaintiff Jones' Eighth Amendment claim survives his death.

## II.     Recommendation

For these reasons, I respectfully recommend that defendant's motion for summary judgment (ECF No. 95) be **DENIED**.


Dated:  June 7, 2019                                     /s/ Ray Kent
                                                         United States Magistrate Judge

ANY OBJECTIONS to this Report and Recommendation must be served and filed with the Clerk of the Court within fourteen (14) days after service of the report. All objections and responses to objections are governed by W.D. Mich. LCivR 72.3(b). Failure to serve and file written objections within the specified time waives the right to appeal the District Court's order. *Thomas v. Arn,* 474 U.S. 140 (1985); *United States v. Walters,* 638 F.2d 947 (6th Cir. 1981).