UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

CLARK KENT JONES,

        Plaintiff,

                                             CASE No. 1:15-CV-925

v.

                                             HON. ROBERT J. JONKER

UNKNOWN LEITER, *et al.*,

        Defendants.

_____/

## ORDER APPROVING AND ADOPTING REPORT AND RECOMMENDATION

The Court has reviewed the Report and Recommendation filed by the United States Magistrate Judge in this action. The Report and Recommendation was duly served on the parties on June 7, 2019. No objections have been filed under 28 U.S.C. § 636(b)(1)(C).

The Magistrate Judge recommends denying the Defendant's motion for summary judgment, which seeks dismissal of this Section 1983 action on the basis that Plaintiff is deceased. The Magistrate Judge suggests the motion should be denied because under Michigan law, all actions and claims survive death. MICH. COMP. LAWS § 600.2921. Contemporaneously with the Report and Recommendation, the Magistrate Judge ordered Defendant to file a Suggestion of Death under Rule 25(a)(1) and to serve a copy via certified mail to Plaintiff's next of kin. (ECF No. 99).

FED. R. CIV. P. 25(a)(1) provides that if a party dies and the claim is not thereby extinguished, the court may order substitution of the proper parties. However, in order for a surviving action to continue after the death of the plaintiff, it must be pursued by the personal representative of the estate of the deceased plaintiff. *Chobot v. Powers*, 169 F.R.D. 263, 266 (W.D.N.Y. 1996). Rule 25(a)(1)

permits a motion for substitution to be made "within 90 days after service of a statement noting the death[.]" The Rule further provides that if such a motion is not timely filed "the action by or against the decedent must be dismissed." FED. R. CIV. P. 25(a)(1). "Two steps are required for the 90-day period to commence. First, the suggestion of death must be made upon the record." *Jenkins v. Macatawa Bank Corp.*, No. 103-CV-321, 2007 WL 737746, at *1 (W.D. Mich. Mar. 7, 2007). "Second, the suggestion of death must be served upon the other parties and the deceased's successor [and i]f the deceased's successor is a non-party, then the suggestion of death must be served in accordance with Rule 4." *Id.*

In response to the Magistrate Judge's Order, Defendant filed a suggestion of death and a certificate of service to Ms. Lorraine Jones on June 18, 2019. (ECF Nos. 102 & 103). It appears to the Court that the two steps necessary to trigger the 90-day period have taken place. Accordingly, any motion to substitute party must be made within 90 days from June 18, 2019, or this matter must be dismissed.

**THEREFORE, IT IS ORDERED** that the Report and Recommendation of the Magistrate Judge (ECF No. 100), filed June 7, 2019, is **APPROVED AND ADOPTED** as the Opinion of the Court.

**IT IS FURTHER ORDERED** that Defendant's motion for summary judgment (ECF No. 95) is **DENIED.** The denial will be without prejudice in order to permit Defendant to file a motion for summary judgment on the merits in the event that a timely substitution is made.

**IT IS FURTHER ORDERED** that Defendant is directed to serve, in a manner complying with Rule 4 of the Federal Rules of Civil Procedure, a copy of this Order and the Magistrate Judge's June 7, 2019 Report and Recommendation to Ms. Lorraine Jones.


Dated:     July 9, 2019              /s/ Robert J. Jonker
                                     ROBERT J. JONKER
                                     CHIEF UNITED STATES DISTRICT JUDGE